1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KIRK MATHEWSON and CAROL
MATHEWSON; THATCHER
MATHEWSON; ANV, LLC, a Washington
limited liability company; CELANE, LLC, a
Washington limited liability company; and
TAPPS, LLC, a Washington limited liability
company,

              Plaintiffs,

      v.

CITY OF KIRKLAND,

              Defendants.

No. 19-1705

**COMPLAINT FOR VIOLATION OF
THE CLEAN WATER ACT;
COMMON LAW TRESPASS;
DAMAGE TO LAND AND
PROPERTY; NEGLIGENCE;
NUISANCE; INVERSE
CONDEMNATION; DECLARATORY
JUDGMENT; UNJUST
ENRICHMENT; AND INJUNCTION**

Plaintiffs Kirk and Carol Mathewson, Campbell and Melissa Mathewson, ANV, LLC,

Celane, LLC, and Tapps, LLC (collectively, "Plaintiffs"), for causes of action against defendant

City of Kirkland ("Kirkland"), allege as follows.

## PARTIES

1.     Plaintiffs Kirk and Carol Mathewson are husband and wife, residing in Kirkland,

King County, Washington.  Plaintiffs Kirk and Carol Mathewson are the owners of certain real

properties situated in Kirkland, King County, Washington, with the following tax parcel

numbers: 3892100045; 0825059070; 0825059238.

COMPLAINT - 1
CASE NO. 19-1705

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

1

2
    2.       Plaintiff Thatcher Mathewson resides in Kirkland, King County, Washington.

3
Plaintiff Thatcher Mathewson is the part owner of certain real property situated in Kirkland, King

4
County, Washington, with the following tax parcel number: 0825059070.

5
    3.       Plaintiff ANV, LLC is a Washington limited liability company with its principal

6
place of business in Kirkland, King County, Washington.  Plaintiff ANV, LLC is the owner of

7
certain real property situated in Kirkland, King County, Washington, with the following tax

8
parcel number: 0192400060.

9
    4.       Plaintiff Celane, LLC is a Washington limited liability company with its principal

10
place of business in Kirkland, King County, Washington.  Plaintiff Celane, LLC is the owner of

11
certain real property situated in Kirkland, King County, Washington, with the following tax

12
parcel number: 0192400080.

13
    5.       Plaintiff Tapps, LLC is a Washington limited liability company with its principal

14
place of business in Kirkland, King County, Washington.  Plaintiff Tapps, LLC is the owner of

15
certain real property situated in Kirkland, King County, Washington, with the following tax

16
parcel number: 0825059020.

17
    6.       Defendant City of Kirkland ("Kirkland") is a code city incorporated pursuant to

18
Title 35A RCW, and situated in King County, Washington.

**JURISDICTION AND VENUE**

19
    7.       Pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a), this Court has subject

20
matter jurisdiction over Plaintiffs' Clean Water Act claim.  Pursuant to 28 U.S.C. § 1367(a), this

21
Court has supplemental jurisdiction over Plaintiffs' state-law claims, which form part of the same

22
case or controversy as their Clean Water Act claim.

23
    8.       Venue in this Court is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b) and 33

24
U.S.C. § 1365(c).

25

26

COMPLAINT - 2
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

9.      Plaintiffs have each submitted Claim for Damages forms to Kirkland pursuant to Chapter 4.96 RCW.  Each of Plaintiffs' Claim for Damages forms were properly presented to Kirkland's agent appointed to receive claims for damages under Chapter 4.96 RCW and contained all information required to be included by Kirkland's Claim for Damages form.  At least sixty calendar days have elapsed after Plaintiffs' submission of each of the Claim for Damages forms to Kirkland.

10.     On July 29, 2019, Plaintiffs gave written notice of the violations set forth in this complaint, and of their intent to file suit on the Clean Water Act ("CWA") claim described herein, to the Washington Department of Ecology ("Ecology"), the Environmental Protection Agency ("EPA") Headquarters, EPA Region X, and Kirkland.  *See* 33 U.S.C. § 1365(b)(1)(A).

11.     More than sixty days have elapsed since service of Plaintiffs' notice of intent to sue, as required by the CWA.  *Id.*  Neither the EPA nor Ecology has commenced or is diligently prosecuting a civil or criminal action in a court of the United States or a State to require Kirkland to address the violations alleged by Plaintiffs in this complaint.  *Id.* at § 1365(b)(1)(B).  Nor has Kirkland itself addressed the violations.

## FACTS

**Kirkland is Required to Meet Federal and State Water Quality Standards.**

12.     Pursuant to the federal Clean Water Act, the National Pollutant Discharge Elimination System ("NPDES") permit program regulates the discharge of stormwater into surface waters of the United States.  Ecology issues NPDES permits to entities in Washington.

13.     The State of Washington also regulates water quality pursuant to, *inter alia*, Chapter 90.48 RCW.  Under that statute, the Legislature has declared it "to be the public policy of the state of Washington to maintain the highest possible standards to insure the purity of all waters of the state consistent with public health and public enjoyment thereof, the propagation and protection of wild life, birds, game, fish and other aquatic life, and the industrial development

COMPLAINT - 3
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

of the state, and to that end require the use of all known available and reasonable methods by industries and others to prevent and control the pollution of the waters of the state of Washington." RCW 90.48.010.

14.     Ecology regulations, including but not limited to WAC 173-201A, impose "Water Quality Standards for Surface Waters of the State of Washington."

15.     Ecology has found that "Polluted stormwater runoff contributes to issues with human health, degraded quality for drinking water and in streams, rivers, lakes and the Puget Sound. Low water quality in the natural environment impairs habitat and puts Washington fish and wildlife at risk."

16.     Kirkland operates a stormwater collection and discharge system within its boundaries. Kirkland charges mandatory fees to property owners, including Plaintiffs, for the disposal of stormwater.

17.     Kirkland operates under a Phase II Municipal Stormwater Permit ("Phase II Permit") developed and administered by Ecology, which is necessary for Kirkland to legally discharge stormwater into surface waters.

18.     Kirkland's Phase II Permit prohibits, *inter alia*, "the discharge of toxicants to waters of the State of Washington which would violate any water quality standard, including toxicant standards, sediment criteria, and dilution zone criteria" and "a discharge which would be a violation of Washington State Surface Water Quality Standards (Chapter 173-201A WAC), Groundwater Quality Standards (Chapter 173-200 WAC), Sediment Management Standards (Chapter 173-204 WAC), or human health-based criteria in the National Toxics Rule (40 CFR 131.45)." Kirkland is also obligated to "reduce the discharge of pollutants to the Maximum Extent Practicable (MEP)."

19.     As required by its Phase II Permit, Kirkland has promulgated a "Surface Water Master Plan."

COMPLAINT - 4
CASE NO. 19-1705

20.     In the Surface Water Master Plan, Kirkland admits that its Phase II Permit "requires actions" in, *inter alia*, the following areas:

- "Illicit discharge detection and elimination";
- "Control of runoff from new development and redevelopment and construction sites";
- "Municipal maintenance and operations (stormwater management at City facilities)"; and
- "Monitoring and effectiveness studies."

**Kirkland is Discharging Excessive Quantities of Contaminated Stormwater onto Plaintiffs' Properties.**

21.     Plaintiffs are the owners of certain real properties as set forth above (the "Properties") which abut a water channel flowing into Lake Washington (the "Channel"). Certain of Kirkland's documents refer to the Channel as "Houghton Creek," "Lakeview Creek," or similar designations.

22.     The Channel is intermittent – that is, its flow decreases or ceases entirely depending on the time of year and precipitation.  On information and belief, the Channel is not inhabited by fish.

23.     The Properties, and the Channel, are within the drainage basin designated as "Houghton Slope A" by Kirkland's Surface Water Master Plan.

24.     The Surface Water Master Plan characterizes the Houghton Slope A basin as follows:

This basin has one of the highest percentages of impervious surface coverage in comparison to other basins. If unmitigated, this can lead to higher runoff volumes, durations, and frequency into the natural and constructed drainage systems.

The Houghton Slope A basin has the lowest amount of forest cover of any basin in Kirkland. Studies have shown that higher percentages of tree cover and other vegetation within basins correlate directly to quality creek, stream and lake

COMPLAINT - 5
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

habitat, reduced runoff and improved surface water quality (*Kirkland 2011 Urban Tree Canopy Assessment*, AMEC).

…

71% of the stream channel in this basin is piped, and 29% is in an open channel. Piped flow is typically more prevalent in more developed areas of the city, especially in this basin where 97% of the area is either single family residential or commercial centers. Sometimes piped conditions are necessary because of steep topography and erosion problems ….

…

Development over the past 20 years has caused dramatic changes to the landscape throughout Kirkland and has significantly increased the impervious coverage in the Houghton Slope A basin. Currently, 46% of the basin is covered in impervious surface, resulting in increased stormwater runoff volume to the creek. This increased volume of runoff has implications for flooding, water quality and aquatic habitat concerns; it also requires increased operations and maintenance of the stormwater conveyance system to protect property and our streams and lakes.

…

Due to the steep slopes in this basin, erosion is a common problem along the open stream channels. Erosion can cause instability in slopes as well as increase the potential for flooding because sediment will clog the storm system further downstream.

25.     Kirkland operates a stormwater collection and discharge system, which collects stormwater from certain locations in the Houghton Slope A basin and directs that stormwater into the Channel.

26.     On information and belief, Kirkland's stormwater collection and discharge system directs water from a decommissioned landfill into the Channel.

27.     Kirkland directs ever-increasing volumes of stormwater, from the impervious surfaces upstream, through its stormwater collection and discharge system and into the Channel.

28.     Kirkland commissioned a study of its "Streams, Wetlands and Wildlife," including the Channel.  The study noted that "[a] landfill site in the stream's headwaters, in addition to runoff in general, make the quality of its water suspect."  The study also observed: "Ugly water! Road runoff, etc."  Additionally, the study noted that Kirkland should "[m]ake a systematic investigation of water quality in this creek," because "[s]tormwater inputs in the

COMPLAINT - 6
CASE NO. 19-1705

Houghton neighborhood are suspect." Further, the study observed erosion in the vicinity of the Properties and the Channel, damaging the Properties and resulting in "sediment loading to Lake Washington." On information and belief, Kirkland did not follow the study's recommendations to mitigate contamination and erosion at the Channel.

29. On information and belief, Kirkland's stormwater collection and discharge system has also increased the velocity of the water. The higher volume and velocity of the Channel have caused, and continue to cause, increased erosion of the abutting lands, including on Plaintiffs' property.

30. Substantially all of the Channel located upstream from the Properties is enclosed in underground culverts and similar structures. On information and belief, Kirkland's use of underground culverts in its stormwater collection and discharge system upstream of the Properties has exacerbated the excessive volume and velocity of water in the Channel in the vicinity of the Properties.

31. Similarly, substantially all of the Channel located downstream from the Properties is enclosed in underground culverts. In other words, virtually the only portion of the Channel that flows uncontained, at surface level is that portion which abuts the Properties.

32. On information and belief, the stormwater entering the Channel from Kirkland's stormwater collection and discharge system collects and carries various pollutants, contaminants, toxicants, and/or other harmful substances. Such substances include, without limitation: fecal coliform bacteria and human and/or animal waste; excessive nutrients such as nitrogen and/or phosphorus resulting from fertilizer or detergent runoff; petroleum and other chemical products; and/or metals such as copper and zinc.

33. Pursuant to, *inter alia*, its Phase II Permit, Kirkland is obligated to prevent the discharge of contaminants, including into the Channel and onto the Properties. On information and belief, Kirkland has failed to take reasonable steps to prevent and/or mitigate the discharge

COMPLAINT - 7
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

of such contaminants into the Channel and onto the Properties by Kirkland's stormwater collection and discharge system. On the contrary, Kirkland actively causes the discharge of contaminants into the Channel and onto the Properties through the stormwater collection and discharge system that it operates.

34.     As a result of Kirkland's actions, the portion of the Channel which abuts the Properties is routinely, if not constantly, contaminated. Plaintiffs have tested the Channel and have found significant concentrations of contaminants. For example, testing has indicated a concentration of fecal coliform bacteria in excess of 2,000 times higher than allowed by applicable water quality standards. The Channel also frequently appears turbid and emits a foul odor consistent with contamination.

35.     After Plaintiffs advised Kirkland of the test results, Kirkland conducted its own testing of the Channel, which confirmed levels of fecal coliform "above State Water Quality Standards." Kirkland posited that the major source of the contamination was "the collection of sources such as geese, rodents and pets that deposit fecal matter which is washed into the stormwater system and subsequently into streams during rain events."

36.     On information and belief, a portion of the contamination present in the Channel originates on property owned and/or operated by Kirkland, such as streets, sidewalks, and parks.

37.     On information and belief, contaminants in the Channel have entered into the soil of the adjacent portions of the Property.

38.     On information and belief, contaminants in the Channel also discharge into Lake Washington. Contamination of Lake Washington is an environmental and public health hazard which, *inter alia*, results in periodic closures of swimming beaches to the public.

39.     The erosion and contamination of the Channel and nearby portions of the Properties by Kirkland's stormwater collection and discharge system result in a hazard to human and animal health.

COMPLAINT - 8
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone: (206) 452-0260

40.     The erosion and contamination of the Channel and nearby portions of the Properties by Kirkland's stormwater collection and discharge system impairs Plaintiffs' use and enjoyment of the Properties, and poses a threat to the health and wellbeing of Plaintiffs, their family members, pets, and guests.

41.     The erosion and contamination of the Channel and nearby portions of the Properties by Kirkland's stormwater collection and discharge system impairs the market value of the Properties.

42.     Since nearly the entirety of the Channel, other than the portion that abuts the Properties, is already carried in underground culverts, there would be no substantial environmental impact from culverting and filtering the remaining portion of the Channel.  On the contrary, culverting and filtering the Channel would benefit the environment by reducing erosion and contamination of the channel and surrounding areas.

43.     Despite repeated and longstanding request by Plaintiffs, Kirkland has failed to address the underlying issues of excessive runoff and contamination, including by taking steps necessary to culvert and filter the remaining portions of the Channel.

44.      On the contrary, Kirkland, through is stormwater collection and discharge system, continues to invade the Properties with excessive and contaminated stormwater.

## FIRST CAUSE OF ACTION

### (Clean Water Act Citizen Suit, 33 U.S.C. § 1365)

45.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 44 above, as if fully set forth herein.

46.     Lake Washington is a navigable waterway and a "water[] of the United States" pursuant to, *inter alia*, 33 U.S.C. § 1362(7), 33 C.F.R. § 328.3, and 40 C.F.R. § 122.2.

47.     To the extent the Channel is a "tributary" of Lake Washington, it is also a "water[] of the United States" pursuant to, *inter alia*, 33 U.S.C. § 1362(7), 33 C.F.R. § 328.3, and

COMPLAINT - 9
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

40 C.F.R. § 122.2. *See United States v. Moses*, 496 F.3d 984 (9th Cir. 2007); *U.S. v. TGR Corp.*, 171 F.3d 762 (2d Cir. 1999).

48.     Kirkland discharges pollutants, including but not limited to fecal coliform bacteria, from various point sources (including without limitation various portions of its stormwater collection system) into the Channel.

49.     Such pollutant discharges exceed the limits and other conditions provided by the Clean Water Act, regulations promulgated thereunder, Kirkland's Phase II Permit, and Kirkland's Surface Water Master Plan.

50.     As a proximate result of Kirkland's unlawful discharge, Plaintiffs have suffered injury, including without limitation a loss of use, enjoyment, and market value to their property.

51.     Plaintiffs provided proper notice to the EPA, Ecology, and Kirkland more than 60 days prior to commencing this lawsuit, and thus are entitled to bring suit under 33 U.S.C. § 1365.

52.     Accordingly, Plaintiffs are entitled to injunctive relief, costs, and attorney's fees.

53.     The Court may also assess civil penalties against Kirkland pursuant to 33 U.S.C. § 1319.

## SECOND CAUSE OF ACTION

### (Common Law Trespass)

54.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 53 above, as if fully set forth herein.

55.     Plaintiffs have not consented, and do not consent, to the discharge of excessive and/or contaminated stormwater onto the Properties.

56.     By Kirkland's discharge of excessive and/or contaminated storm water onto the Properties via Kirkland's stormwater collection and discharge system, Kirkland has intruded onto

COMPLAINT - 10
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone: (206) 452-0260

Plaintiffs' Properties in a manner that interferes with Plaintiffs' right to exclusive possession and enjoyment thereof.

57.     As a direct result, Plaintiffs have suffered and continue to suffer irreparable harm, in an amount to be proven at trial, including without limitation (a) damages for the cost to remediate harm from erosion and/or contamination; (b) damages for loss of use; and (c) damages for decreased market value of the Properties.

## THIRD CAUSE OF ACTION

### (Damage to Land and Property, RCW 4.24.630)

58.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 57 above, as if fully set forth herein.

59.     Kirkland has, through its discharge of excessive and contaminated stormwater, come upon the land of Plaintiffs and wrongfully caused injury and/or waste thereto.

60.     Kirkland knows, and/or has reason to know, that its actions are unauthorized, as demonstrated by, *inter alia,* Kirkland's admissions that erosion and/or pollutants in the Channel exceed applicable limits.

61.     Accordingly, pursuant to RCW 4.24.630, Kirkland is liable to Plaintiffs for damages arising from lost market value, injury to the land, costs of restoration, exemplary damages, attorney's fees and costs, investigative costs, and other litigation-related costs.

## FOURTH CAUSE OF ACTION

### (Negligence)

62.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 61 above, as if fully set forth herein.

63.     Kirkland owed and owes a duty of care to Plaintiffs, including to refrain from discharging excessive and/or contaminated water onto Plaintiffs' Properties.

COMPLAINT - 11
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

64.     Kirkland breached its duty of care by, *inter alia*, discharging excessive and/or contaminated water onto Plaintiffs' property via Kirkland's stormwater collection and discharge system.

65.     As a direct, proximate, and foreseeable result of Kirkland's breach, Plaintiffs have been damaged and suffered harm and injury.

66.     Accordingly, Plaintiffs are entitled to damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Nuisance)

67.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 66 above, as if fully set forth herein.

68.     Pursuant to RCW 7.48.010, "whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief." "Such action may be brought by any person whose property is, or whose patrons or employees are, injuriously affected or whose personal enjoyment is lessened by the nuisance."  RCW 7.48.020.

69.     Pursuant to RCW 7.48.120, nuisance is broadly defined as follows: "Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency, or unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any lake or navigable river, bay, stream, canal or basin, or any public park, square, street or highway; or in any way renders other persons insecure in life, or in the use of property."

70.     In addition to Chapter 7.48 RCW, Washington also proscribes "common law nuisance."

COMPLAINT - 12
CASE NO. 19-1705

**GOLDFARB & HUCK**
**ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone: (206) 452-0260

71.     Kirkland's conduct is injurious to health or indecent or offensive to the senses, obstructs the free use of property, and/or annoys, injures, and/or endangers the comfort, repose health, and safety of others.

72.     Kirkland's conduct caused and continues to cause harm to Plaintiffs.

73.     Kirkland's wrongful conduct has given rise to a public nuisance, which affects not only Plaintiffs, but also others, including adjacent landowners and (through pollution of Lake Washington) the entire community and local ecosystem.

74.     Pursuant to Chapter 7.48 RCW and Washington common law, Plaintiffs are entitled to abatement of the public nuisance (and/or costs to abate), to an injunction preventing Kirkland's wrongful conduct, and to obtain disgorgement, restitution, and or damages occasioned by the nuisance, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Inverse Condemnation)

75.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 74 above, as if fully set forth herein.

76.     Kirkland is a government entity organized and operating pursuant to the Washington State Constitution and the laws of the State of Washington.

77.     By directing large amounts of contaminated stormwater runoff onto the Properties, Kirkland has physically invaded, injured, and/or damaged the private properties of Plaintiffs for the public use of operating a stormwater drainage system.  Such injury amounts, in substance, to a taking.

78.     As a proximate result of Kirkland's actions, Plaintiffs have suffered injury, including without limitation loss of use, enjoyment, and market value to the Properties.

79.     Kirkland has not commenced formal takings proceedings against Plaintiffs.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

80.     Accordingly, Kirkland is liable for inverse condemnation in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment)

81.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 80 above, as if fully set forth herein.

82.     An actual, present controversy exists between Plaintiffs and Kirkland regarding payment or reimbursement of Plaintiffs' current and future remedial action costs and damages associated with hazardous substances released on, beneath, and potentially emanating from the Properties from Kirkland's actions and inactions.

83.     Pursuant to the Uniform Declaratory Judgment Acts (Chapter 7.24 RCW) and RCW 70.105D.080, Plaintiffs request a declaratory judgment that Kirkland is liable to Plaintiffs for all current and future remedial action costs and damages, including but not limited to attorneys' fees and litigation expenses, incurred in responding to the contamination at, under, and that has potentially migrated from the Properties.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

84.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 83 above, as if fully set forth herein.

85.     By using Plaintiffs' property as a mechanism for the disposal of excessive and/or contaminated stormwater (a revenue-generating activity for Kirkland), without providing any compensation to Plaintiffs, Kirkland has been unjustly enriched at the expense of Plaintiffs.

86.     Accordingly, Plaintiffs are entitled to damages in an amount to be proven at trial.

COMPLAINT - 14
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone: (206) 452-0260

## NINTH CAUSE OF ACTION

### (Injunction)

87.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 86 above, as if fully set forth herein.

88.    Plaintiffs have a clear legal right to possession and enjoyment of their Property.

89.    Plaintiffs have more than a well-grounded fear of invasion of their property rights, because such invasion is presently ongoing.

90.    Kirkland's discharge of excessive and contaminated stormwater upon the Properties has resulted in, and continues to result in, substantial injury to Plaintiffs.

91.    Plaintiffs lack an adequate remedy at law because the continued injury to their property rights cannot be fully remedied by an award of damages.

92.    Without injunctive relief, Plaintiffs would be forced to endure an invasion of their property for an indeterminate period of time.

93.    Plaintiffs are entitled to temporary and permanent injunctive relief compelling Kirkland to cease discharging excessive and contaminated stormwater upon the Properties, including without limitation by compelling Kirkland to culvert and filter the Channel.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request relief and judgment as follows:

A.    For temporary and permanent injunctive relief, and/or for an order of ejectment, compelling Kirkland to cease discharging excessive and contaminated stormwater upon the Properties, including without limitation by compelling Kirkland to culvert and filter the Channel.

B.    For damages against Kirkland for an amount to be proven at trial;

C.    For an assessment of civil penalties against Kirkland pursuant to the Clean Water Act;

COMPLAINT - 15
CASE NO. 19-1705

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, WA 98104
Phone:  (206) 452-0260

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

D.      For exemplary damages as allowed by law, including without limitation under RCW 4.24.630.

E.      For pre- and post-judgment interest as allowed by law;

F.      For reasonable attorneys' fees and costs as allowed by law;

G.      For leave to amend this Complaint to conform to evidence later discovered, pled, or offered; and

H.      For any other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 22nd day of October, 2019.

**Goldfarb & Huck Roth Riojas, PLLC**
*/s/ Kit W. Roth*
Kit W. Roth, WSBA No. 33059
*/s/ Christopher M. Huck*
Christopher M. Huck, WSBA No. 34104
*/s/ R. Omar Riojas*
R. Omar Riojas, WSBA No. 35400

925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Telephone:  (206) 452-0260
Facsimile:  (206) 397-3062
E-mail: roth@goldfarb-huck.com
       huck@goldfarb-huck.com
       riojas@goldfarb-huck.com

Attorneys for Plaintiffs

COMPLAINT - 16
CASE NO. 19-1705