UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRK MATHEWSON AND CAROL MATHEWSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF KIRKLAND,<br><br>Defendant. | CASE NO. C19-1705 RSM<br><br>ORDER DENYING STIPULATED MOTION FOR EXTENSION OF DEADLINES |

This matter comes before the Court on the parties' Stipulated Motion to extend the trial date and related deadlines in this matter. Dkt. #21. This case was filed on October 22, 2019. Dkt. #1. Expert witness disclosures were due on December 16, 2020. Dkt. #17. Discovery does not close until February 16, 2021. Trial is currently scheduled for June 14, 2021. *Id.*

In early 2020, Plaintiffs and Defendant agreed to mediate this action. Dkt. #22 at ¶2. The mediation was initially scheduled for April 14, 2020, but was postponed due to the COVID-19 pandemic and rescheduled for August 26, 2020. Apparently, the parties have had some success agreeing to certain terms and have had "further collaborative discussions." *Id.* at ¶ 6.

The parties now request the Court continue trial until May 9, 2022. Dkt. #21. This is an eleven-month extension.

The reasons given for this request are: 1) the pandemic has disrupted this case, requiring a four-month delay to the mediation; 2) accomplishing what they have already agreed to will take some time and require various government agency approvals; 3) settlement discussions have been successful and conducting pre-trial activities would "not only be diverting scarce resources away from resolution, but would also run the risk that zealous advocacy would sour various stakeholders on resolution altogether." *Id.* at 4.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

The Court finds that the parties have failed to demonstrate good cause for an eleven-month extension. This is an extraordinary amount of time to reach an agreement on a remedy in this or any case. From the Court's limited perspective, the parties have made progress towards settlement in the last few months and could finish doing so with far less than an eleven-month extension. The parties are advised to reconsider the amount of time they truly need to pursue settlement and to submit further information in support of their request.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the parties' Stipulated Motion, Dkt. #21, is DENIED. The current deadlines remain in place.

DATED this 29th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE